IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 13 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-00631-BNB

JAMES WILFRED HALL,

      Plaintiff,

v.

KEVIN MILYARD,
LT. DENNY OWENS,
LT. RYAN M. LONG,
LT. FUSCUE,
LT. NICHOLS, and
LT. B. SCOTT,

      Defendants.

_____

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

_____

      Plaintiff, James Wilfred Hall, is an inmate in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Mr. Hall has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated. The court must construe the complaint liberally because Mr. Hall is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Hall will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

      The Court has reviewed the Prisoner Complaint and finds that it is deficient because Mr. Hall fails to allege specific facts in support of his claims and he fails to

identify what each named Defendant has done that allegedly violates his rights. For example, Mr. Hall identifies his first claim as a violation of both due process and equal protection, but he fails to allege specific facts that demonstrate how he has been deprived of a constitutionally protected liberty or property interest (due process) or how he has been treated differently than any similarly situated inmates (equal protection). Mr. Hall's second and third claims for relief similarly lack specific factual support. In all three claims for relief, Mr. Hall fails to allege specific facts that demonstrate how the named Defendants have violated his rights.

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). In order to state a claim in federal court, Mr. Hall "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Furthermore, personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Hall must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not

be held liable on a theory of respondeat superior. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986).

For these reasons, Mr. Hall will be ordered to file an amended complaint if he wishes to pursue his claims in this action. Mr. Hall is directed to provide specific facts in support of each claim he asserts and he must specify which Defendant or Defendants he is asserting each claim against. Mr. Hall also is directed to include specific allegations of personal participation by each named Defendant. Accordingly, it is

ORDERED that Mr. Hall file **within thirty (30) days from the date of this order** an amended complaint that complies with this order if he wishes to pursue his claims in this action. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Hall, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Hall fails to file an amended complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED April 13, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  11-cv-00631-BNB

James W. Hall
Prisoner No. 113495
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on April 13, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk